ELECTRONICALLY FILED
2013-Jul-16 16:10:56
60CV-13-2811

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

Beatrice Boyer and Larry Trudo, et. al (See Exhibit "A")                    Plaintiffs

v.

BNSF Railway Company, d/b/a
Burlington Northern and Santa Fe Railway,
Burlington Northern Sante Fe Corporation,
Burlington Northern Sante Fe Railway                                       Defendants

---

## COMPLAINT

---

COME NOW, the Plaintiffs, Beatrice Boyer and Larry Trudo, as well as the Plaintiffs

identified in Exhibit "A", by and through their attorneys, Paul Ford, Ford Law Firm, and

Christopher D. Stombaugh, Keenan Law Firm, and for their Complaint for cause hereby aver and

show to the Court the following facts and law sustaining the relief requested against the above-

named Defendants,  BNSF Railway Company, d/b/a Burlington Northern and Santa Fe Railway

Company, Burlington Northern Sante Fe Corporation, Burlington Northern Santa Fe Railway

(herein "Burlington").

### I.   FACTUAL ALLEGATIONS

1.   At least once within the past twenty five years, Burlington caused a man-made flooding

and water invasion in and near the Village of Bagley, Wisconsin when the same

Burlington Railroad Bridge Trestle (herein "Burlington Trestle") became blocked and/or

obstructed.

a.  Burlington did nothing and made no attempts of any nature to screen, grate, guard, maintain or protect the Burlington Trestle since this last flooding caused by Burlington.

b.  Burlington had more than adequate time, opportunity and ability to remedy the unreasonably dangerous condition posed by the unguarded and improperly maintained Burlington Trestle but consciously and intentionally choose not to make any effort of any nature to correct this unreasonably dangerous unguarded and improperly maintained condition.

2.  Exhibits One and Two attached to Plaintiffs' Complaint are photographs taken of the Burlington Trestle in the days shortly after these Railroad-caused floodings caused by Burlington detailed later herin.

a.  Exhibit One is a photograph showing the Railroad Trestle unobstructed.

b.  Exhibit Two is a photograph showing debris which obstructed the Railroad.

3.  Burlington caused these man-made floodings by their act of obstructing the Burlington Trestle with debris, by failing to guard, maintain, or attempt to guard, or attempt to maintain, in any way, the Burlington Trestle from upstream debris, thereby resulting in a blockage and preventing the flow of rainfall runoff from freely flowing through the Burlington Trestle.

4.  Beginning on or around the late hours of July 17, 2007, and into the morning hours of July 18, 2007, Burlington caused catastrophic man-made, preventable floodings and

water invastions onto the Plaintiffs' properties by failing to prevent debris and other

obstructions from blocking rainfall runoff flows through the Burlington Trestle.

5.    More specifically, Burlington failed to properly and adequeately guard, inspect,

investigate, clean and maintain the Burlington Trestle beneath the BNSF Railway Bridge

crossing over Glass Hollow Drain located in or near the Village of Bagley, Wisconsin,

thereby resulting in obstruction of the Burlington Trestle by silt, debris, and other

obstructions, and, further, directly resulting in the Defendant-caused floodings of the

citizens of Bagley including both the main Village of Bagley north of the Burlington

Trestle and the River Lakes Manufactured Housing subdivision south of the Burlington

Trestle.

6.    Plaintiffs do not live or own property within the FEMA Flood Plain for the Bagley Area

and Plaintiffs were not at fault in any way for this Defendant-caused catastrophe.

a.    Exhibit Three, attached to the Complaint, is the FEMA Flood Plain map for the

Bagley area showing that Plaintiffs' homes and businesses were not in the

government-defined FEMA Flood Plain.

b.    As set forth in Exhibit Three, attached to the Complaint, all Plaintiffs lived

outside or owned businesses which were outside the FEMA Flood Plain as

defined or adopted by these governmental units.

c.    Further, few if any, areas within the FEMA Flood Plain had any surface flooding

on July 17-18, 2007, while Plaintiffs' homes and businesses, outside the FEMA

Flood Plain, were invaded with flooding water due to the man-made, preventable

flooding caused by Burlington.

7.    These water invasions were caused by the acts and failures to act of Burlington and not "acts of God."

8.    Based upon a recognized full professor's expert analysis which will be offered at trial, this rainfall and the resulting rainfall runoff were within the flow capacity of the Burlington Trestle to safely handle this event's runoff flows without home and business water invasions but for Burlington's acts and omissions.

## II.    PARTIES

9.    Plaintiffs hereby incorporate by reference as though fully set forth herein all of the preceding paragraphs of this Complaint.

10.   Beatrice Boyer is an adult individual who resides at 265 S. Bagley Ave., Bagley, WI, and Larry íTrudo is an adult individual who resides at 150 Walnut St., Bagley, WI. Boyer and Trudo both own property in the village of Bagley Wisconsin, and were at all times material hereto were residents of the State of Wisconsin. That attached hereto as Exhibit "A", and incorporated herein, by referenced is a list of additional Plaintiffs whom have suffered damages as a result of Burlington's negligence. Each and every named person in Exhibit "A" is a Plaintiff herein, and seeks damages herein as if their name was listed in the caption of the Complaint and specifically set out as a part of this averment in Paragraph 10.

11.   BSNF Railway Company. Defendant BSNF Railway Company also doing business as the Burlington Northern and Santa Fe Railway Company, is a foreign corporation licensed to do business in the State of Arkansas. Its registered agent for service of

4

process is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.  Service can be had at this address.

12.    <u>Burlington Northern Sante Fe Corporation</u>.  Defendant Burlington Northern Sante Fe Corporation is a foreign corporation, and on information and belief is licensed to do business in both the State of Arkansas and the State of Wisconsin with its headquarters and principal place of business in the State of Texas.

13.    <u>Burlington Northern Sante Fe Railway</u>.  Defendant Burlington Northern Sante Fe Railway is a foreign corporation, and on information and belief is licensed to do business both in the State of Arkansas and in the State of Wisconsin with its headquarters and principal place of business in the State of Texas.

## III.    JURISDICTION AND VENUE

14.    Plaintiffs hereby incorporate, as though fully set forth herein, all the preceding paragraphs of this Complaint.  Burlington has sufficient contacts with the State of Arkansas as to be subject to the jurisdiction of this Court.  That its registered agent for service is located in Pulaski County, Arkansas.  Accordingly, jurisdiction and venue are proper.

15.    Plaintiffs make no claim based on any federal statute, common law, or regulation.

16.    The above-captioned plaintiff and those set forth in Exhibit "A" are the only parties seeking damages in this action.

17.    Nothing in this Complaint is intended to or should be construed to provide a cause of action arising under any provision of the federal constitution, any federal statutory law,

any federal regulation, any federal tariff, any federal order or any type or source of federal law, including, but not limited to CAFA.

18.    It is the unequivocal intent of the Plaintiffs to plead only state causes of action and aver only state claims against Burlington.  Furthermore, Plaintiffs do not seek class action status as each Plaintiff has suffered independent and unique damages as a result of Burlington's negligence.

19.    It is not the intent of the Plaintiffs and this Complaint should not be construed in any way to be deemed an assertion of any claim predicated upon any federal law, statute or interpretation of any federal law which would give rise to any basis for federal jurisdiction including any federal question jurisdiction.

20.    Plaintiffs rely upon Arkansas choices of law considerations which apply the substantive law of Wisconsin.  The statute of limitations is the State of Wisconsin, Wis. Section 893.52, is six (6) years for the causes set forth herein.  Pursuant to <u>Bethauser v. Medical Protective Co.</u>, 172 Wis. 2d 141, 493 N.W. 2d 40 (Wis. 1992), the statute of limitations is substantive in nature, and accordingly, the action is filed timely pursuant to Wisconsin law.

**IV.    COUNT 1: STATUTORY VIOLATIONS OF WISCONSIN LAW: NEGLIGENCE PER SE**

21.    Plaintiffs hereby incorporate, as though fully set forth herein, all the preceding paragraphs of this Complaint.

22.    Beginning on or around the late hours of July 17, 2007 and into the morning hours of July 18, 2007, Burlington caused catastrophic man-made, preventable floodings and water

invasion including man-made surface water invasions and man-made sanitary water

invasions onto the Plaintiffs' properties.

23. More specifically, Burlington failed to properly and adequately guard, inspect,

investigate, clean and maintain the Burlington Trestle beneath Burlington Railway Bridge

crossing over Glass Hollow Drain located in or near the Village of Bagley, thereby

resulting in obstruction of said Trestle and the resulting man-made floodings caused by

Burlington.

24. Burlington proximately caused these catastrophic man-made floodings upstream and

tributary to the Railroad Trestle at Glass Hollow Drain by their following violations of

Wisconsin statutory law:

a. Failing to keep the Burlington Trestle free and clear of silt, obstructions and debris so

that accumulating rainfall runoff in the Glass Hollow Drain could freely flow through

the Burlington Trestle.

b. Failing to guard and maintain the Burlington Trestle from silt, obstructions and debris

so as to maintain the Trestle free and clear of silt, obstructions and debris during

rainfall runoff so that rainfall runoff water from areas upstream of the main Glass

Hollow Drain could freely flow through the Burlington Trestle; and

c. Failing to remove accumulated silt deposits so as to maximize the initially designed

flow through the Burlington Trestle under the Burlington Railroad Bridge so that the

accumulating rainfall runoff water from areas upstream of the Glass Hollow Drain

could freely flow through the Burlington Trestle.

25.   At the time and place of the events described herein and at all material times prior thereto, Burlington violated statutory provisions of Wisconsin law, proximately causing injury to the Plaintiffs through the following specific statutory violations and/or omissions:

   a.   In violation of Wis. Stat. § 195.27, in the failure of Burlington to maintain the Burlington Trestle in a reasonably adequate and safe manner;

   b.   In violation of Wis. Stat. § 190.08, in the failure of Burlington as a coproation operating a railroad to maintain the watercourse across, along and/or upon which such railroad may be constructed against any effects in any manner produced by such railroad;

   c.   In violation of Wis. Stat. § 88.87(2)(a), in the failure of Burlington to maintain, including failing to maintain free of silt, obstructions, and debris the Burlington Trestle over the Glass Hollow Drain in Bagley Wisconsin, which passes over a natural watercourse, namely Glass Hollow Drain; and

   d.   In violation of Wis. Stat. § 88.87(2)(a), in the failure of Burlington to maintain the original flow lines of drainage by way of adequate and feasible ditches, culverts or other facilities including the Burlington Railroad Bridge Trestle consonant with sound engineering practices.

26.   As a proximate cause of said unreasonable and negligent wrongful acts and omissions, Burlington caused devastating property damage and injury to the Plaintiffs including but not limited to:

   a.   Real property damage and destruction;

8

b. Reduced or destroyed market value of real property;

c. Personal property damage and destruction including but not limited to personal property situated inside of homes and businesses such as furniture, clothing, home electronics, inventory, supplies, et al. and personal property located on the outside of homes and businesses such as cars, trucks, motorcycles, and other vehicles or items of personal property of said homes and business;

d. Reduced or destroyed personal property value;

e. Sentimental value property damage and destruction;

f. Clean-up and restoration expenses, time and costs;

g. Lost business profits during periods of closure, past and future;

h. Out-of-pocket expenses for clean-up, restoration and related needs of the Plaintiffs;

i. Annoyance, inconvenience, stress and other anxieties including the continuous impending peril of another man-made flooding and water invasion from the Burlington Trestle's blockage and/or obstruction;

j. Other compensable damages as allowed by Wisconsin law;

k. Punitive damages as allowed by Wisconsin law; and

l. Such other relief as allowed by this Court under the facts and circumstances of this case as allowed by Wisconsin law.

27. Statutory Treble Damages.  That as a result of the above Burlington's violations of these several enumerated safety statutes, including, but not necessarily limited to, Wis. Stat. §88.87(2)(a) and Wis. Stat. §195.27, the Plaintiffs are entitled to statutory based treble damages, pursuant to Wis. Stat. §195.35(1).

28.     Punitive Damages:  Burlington acted maliciously and with intentional and reckless disregard of the rights of Plaintiffs, from which malice may be inferred thereby entitling Plaintiffs to punitive damages.

29.     Said wrongful conduct of Burlington constitutes actionable negligence per se which was a substantial factor in causing the damages and injury to Plaintiffs as recited above.

WHEREFORE, the Plaintiffs request relief against Burlington as set forth later herein in the section entitled "Relief."

## V.     COUNT II: COMMON LAW NEGLIGENCE

xx.     Plaintiffs hereby incorporate by reference as though fully set forth herein all of the preceding paragraphs of this Complaint.

30.     At all relevant times, Burlington knew with substantial certainty that the blocking and/or other obstruction of the Burlington Trestle in fact would cause man-made, preventable flooding in and near the Village of Bagley based upon the prior flooding caused by Burlington and their experience and knowledge.

31.     At all relevant times, pursuant to Wisconsin common law negligence principles based upon this foreseeable harm and injury to the Plaintiffs, Burlington owed a duty of due care to the Plaintiffs, as it was reasonably foreseeable that Plaintiffs would be injured by the failure to properly guard, inspect, investigate, and maintain the BNSF Railroad Bridge Trestle over the Glass Hollow Drain in Bagley, Wisconsin free of blockages and/or obstructions from debris and other obstructions.

32.   At all relevant times, Burlington owed the following specific duties of due care to the
      Plaintiffs including but were not limited to the following:

   a. Maintaining the Railroad Trestle free of debris and obstruction so as to assure the
      free, unhindered flow of rainfall runoff through Glass Hollow Drain through the
      Burlington Trestle;

   b. Guarding and/or otherwise protecting the Burlington Trestle from debris and
      obstructions during a rainfall runoff event so as to assure the free, unhindered flow of
      rainfall runoff through Glass Hollow Drain through the Burlington Trestle;

   c. Removing silt and other debris deposited and/or accumulated so as to maintain the
      depth and width of the Burlington Trestle as originally designed, thereby assuring the
      free, unhindered flow of rainfall runoff into the Glass Hollow Drain through the
      Burlington Trestle; and

   d. Other acts and/omissions which would prevent any obstruction of normal, designed
      flow through the Burlington Trestle.

33.   Burlington breached their specific duties of due care to the Plaintiffs, including, but not
      limited to the following specific breaches of due care:

   a. Maintaining the Railroad Trestle free of debris and obstruction so as to assure the free,
      unhindered flow of rainfall runoff through Glass Hollow Drain through the Burlington
      Trestle;

   b. Guarding and/or otherwise protecting the Burlington Trestle from debris and
      obstructions during a rainfall runoff event so as to assure the free, unhindered flow of
      rainfall runoff through Glass Hollow Drain through the Burlington Trestle;

    c.  Removing silt and other debris deposited and/or accumulated so as to maintain the depth and width of the Burlington Trestle as originally designed, thereby assuring the free, unhindered flow of rainfall runoff into the Glass Hollow Drain through the Burlington Trestle; and,

    d.  Other acts and/omissions which would prevent any obstruction of normal, designed flow through the Burlington Trestle.

34.    Burlington breached their specific duties of due care to the Plaintiffs, including, but not limited to the following specific breaches of due care:

    a.  Permitting debris and obstructions to interfere with the free, unhindered flow of rainfall runoff through Glass Hollow Drain through the Trestle;

    b.  Failing to guard, maintain and/or otherwise protect the Railroad Trestle from debris and obstructions during a rainfall runoff event, thereby interfering with the unhindered flow of rainfall runoff from Glass Hollow Drain through the Trestle;

    c.  Failing to excavate or otherwise remove silt and other debris deposited and/or accumulated, thereby reducing the Railroad Trestle depth and width as originally designed and thereby interfering with the free, unhindered flow of rainfall runoff of the Glass Hollow Drain through the Trestle; and,

    d.  Failing to perform other acts or omitting to perform other acts which would prevent any obstruction of normal, designed flow through the Railroad Trestle.

35.    As a proximate cause of said wrongful conduct, Burlington caused devastating property damage and injury to the Plaintiffs including but not limited to the damages set forth in Count I above.

xx.   Said wrongful conduct of the Defendants constitutes actionable negligence, and

was a substantial factor in causing the damages and injury to Plaintiffs as recited

above.

WHEREFORE, the Plaintiffs request relief against all Defendants as set forth later herein in the

section entitled "Relief".

## VI.   COUNT III: NEGLIGENT CREATION AND MAINTENANCE OF A NUISANCE

36.   Plaintiffs hereby incorporate by reference as though fully set forth herein all of the

preceding paragraphs of this Complaint.

37.   Burlington was responsible for the guarding, inspection, investigation and

maintenance of the Burlington Trestle adjacent to and/or nearby to Plaintiffs'

properties.

38.   Burlington had a duty to ensure that said Burlington Trestle which they inspected,

investigated and/or maintained was operated in a manner that did not allow for the

blockage and/or obstruction of the Burlington Trestle and the consequential diversion

and accumulation of rainfall runoff waters onto Plaintiffs' properties.

39.   Burlington negligently created a nuisance contrary to Wisconsin law in breaching its

duties not to interfere with the use and quiet enjoyment of Plaintiffs' properties

relating to Burlington's guarding, inspection, investigation and maintenance of the

Burlington Trestle adjacent to and/or nearby to Plaintiffs' properties when these

Defendants negligently failed to guard, failed to inspect, failed to investigate and

failed to maintain the Burlington Trestle adjacent to and/or nearby Plaintiffs'

properties.

xx.   Burlington's failures and/or acts of omissions created a negligent nuisance when said Burlington Trestle became obstructed with debris, thereby preventing water flows from the Glass Hollow Drain from passing through the Railroad Trestle and causing these man-made floodings to invade Plaintiffs' properties.

40.   Said wrongful conduct of Burlington constitutes an actionable claim for negligent nuisance proximately causing the damages and injury to Plaintiffs as recited above.

WHEREFORE, the Plaintiffs request relief against all Defendants as set forth later herein in the section entitled "Relief."

## VII.   COUNT IV: INTENTIONAL NUISANCE

41.   Plaintiffs hereby incorporate by reference as though fully set forth herein all of the preceding paragraphs of this Complaint.

42.   Burlington was responsible for the guarding, inspection, investigation and maintenance of the Burlington Trestle adjacent to and/or nearby to Plaintiffs' properties.

43.   Burlington knew with substantial certainty that their failure to properly dredge, guard, inspect, investigate, clean, clear and maintain the Burlington Trestle would result in the diversion and accumulation of rainfall runoff waters from the Glass Hollow Drain onto Plaintiffs' properties.

44.   Specifically, in the preceding twenty years, Burlington in fact caused a substantially identical man-made flooding of some of Plaintiffs' properties in and near the Village of Bagley when the same BNSF Railroad Bridge Trestle became blocked and obstructed during a rainfall runoff event in areas near the Village of Bagley.

44.   At all material times hereto, Burlington had notice of the diversion and accumulation of rainfall runoff on the property of certain Plaintiffs' members' properties when a similar man-made, preventable flooding and water invasion was experienced by certain members of the Plaintiffs' on at least one occasion during the preceding twenty years arising from the blockage and obstruction of the subject Burlington Trestle by debris and other obstructions.

45.   At all relevant times, Burlington had a further duty to take positive action to prevent or abate the blockage and obstruction of the Burlington Trestle so as to prevent man- made flooding from the rainfall runoff exceeding the banks of the Glass Hollow Drain, thereby invading Plaintiffs' properties.

46.   At all relevant times, Burlington created and maintained a nuisance contrary to Wisconsin law by failing in their duty to act to prevent blockages and obstructions of the Burlington Trestle and the consequential floodings and water invasions of Plaintiffs' properties due to this continued unabated nuisance.

47.   At all relevant times, Burlington accepted responsibility for the prior Defendants-created floodings and water invasions.

48.   At all relevant times, Burlington made assurances and representations to some of the Plaintiffs' that the deleterious conditions caused by Burlington's creation of said prior nuisance flooding would be significantly and materially mitigated.

49.   At all relevant times, in violation of said assurances and representations to members of the Plaintiffs, Burlington failed to abate said nuisance conditions,

giving rise to the resulting Defendant-created floorings and water invasions asserted herein.

50.  At all relevant times, Burlington's intentional failure to ensure that the nuisance which they created, controlled and maintained relating to the nuisance conditions at the Burlington Trestle and their intentional failure to subsequently prevent or abate said blockage and obstruction nuisances were proximate causes of Plaintiffs' injury and damages, as previously set forth herein.

51.  At all relevant times, the actions and/or omissions of Burlington constituted intentional nuisance in that Burlington intentionally failed to perform their duties under the law:

    a.    Burlington knew with substantial certainty that their actions and/or omissions to act would result in these catastrophic man-made floodings and water invasions onto and into Plaintiffs' homes, businesses and properties;

    b.    Burlington actions and omissions were intentional and unreasonable within the meaning of the Restatement (Second) of Torts Section 822 and under controlling Wisconsin law.

52.  At all relevant times, these intentional acts and omissions of Burlington were substantial factors of and proximately caused the injuries and damages described herein to the Plaintiffs.

WHEREFORE, the Plaintiffs request relief against all Defendants as set firth later herein

in the section entitled "Relief".

## VIII.   RELIEF FOR ALL PLAINTIFFS AS TO ALL DEFENDANTS RELATING TO ALL COUNTS AND CLAIMS

Wherefore, the Plaintiffs, by and through their attorneys, hereby request the following relief and demand judgment against Burlington, as follows:

a.   That this Honorable Court award compensatory damages as allowed under Wisconsin Law;

b.   That this Honorable Court award consequential and incidental damages as allowed under Wisconsin Law;

c.   That this Honorable Court award statutory-based treble damages for violations of the above-noted safety statutes of the State of Wisconsin as recited in Count I herein as allowed under Wisconsin Law;

d.   That this Honorable Court award punitive damages for the Defendants' malicious conduct and intentional disregard of the rights of the Plaintiffs as allowed under Wisconsin Law; and

e.   That this Honorable Court award costs and disbursements of this action, applicable interest, attorney fees, and such other and further relief as may apply under existing Wisconsin Law.

Respectfully submitted,
By the Plaintiffs,

BY: _____

Paul N. Ford, Ark. Bar No. 87060
Ford Law Firm
PO Box 1582
Jonesboro AR 72403-1582
(807)-935-5400
pauln@fordjdpa.com

Christopher D. Stombaugh,
Wis. Bar 1022065
Keenan Law Firm
148 Nassau St.
Atlanta, GA
(404) 523-2200
cstombaugh@keenanlawfirm.com

Barbara A. Bruce
13348 S. Stephen Dr.
Palos Park, IL  60464


Michael & Barb Collins
200 Budweiser
Bagley, WI  53801


Joyce Davis and
Mardyne Davis
616 106th Ave. West
Milan, IL  61264


Mark & Melinda Dilley
16501 N El Mirage Rd
#821
Suprize, AZ  85374


Elwyn & Mary Ecker
3816 15th St. C
Moline, IL  61265


Carol Everett
175 Northern Ave.
Bagley, WI  53801


James & Rita Gerrish
620 Alida Dr.
Cary, IL  60013


Bill  & Tanya Haffele
1842 State Rd 80 S
Cuba City, WI  53807


Jean Irish
350 Riverview
Bagley, WI  53801


Mr. and Mrs. Kenneth
R. Irish
355 S. Ocean Drive
Unit 201
Fort Pierce, FL  34949-
3251


Brian N. James
150 West Street
Mineral Point, WI
53565

Mr. & Mrs. Jeidy
720 8th St
Fennimore, WI  53809

Joanne F. Kieler and
Mr. Kieler
8060 County O
Platteville, WI  53818

Mr. & Mrs Theresa.
Klema
135 S. Northern Ave.
P.O. Box 168
Bagley, WI  53801

Diane Kuman
1016 Pinecrest Ln
Elkhorn, WI  53121

Mr. & Mrs. Larkin
314 W. Kelly St.
Cuba City, WI  53807

Mr. & Mrs.  Darlene
Maahs
321 N 8th St.
Mt Horeb, WI  53572

Denise K Fuller
403 W. Watson St.
Garnavillo, IA  52049
Mr. Glenn E. Marshall
149 Crestview Dr
Potosi, WI  53820

Dan Martin
365 Willow Ln
Bagley, WI  53801

Mary Martin
210 Willow Ln
Bagely, WI  53801

Douglas & Marian
Miller
4207 Los Altos Ct
Naples, FL  34109

Hollie Moore
1221 S 6th St.
PDC, WI  53821


Wesley C. Morse
325 N. Bagley
Bagley, WI  53801


Kathryn S Peters
250 Budweizer Ln
Bagley, WI  53801-
9605


Pamela Peters
4445 Wilmette Ave.
Rolling Meadows, IL
60008


Donald & Eileen
Schiffman
240 Willow Ln
Bagley, WI  53801


Joan Sedlmayr
360 S Burlington Ave
Box 214
Bagley, WI  53801


Marcia Stilwell
345 Burlington Ave
Bagley, WI  53801


Michael & Carol Stoner
145 Sea Fern Dr.
Leesburg, FL  34788


Lawrence Taft & Diane
Kuman
1016 Pinecrest Ln
Elkhorn, WI  53121


Lois Timmerman
and  Susan Hollenbeck
106 N Randolph
Cuba City, WI  53807

Mr. and Mrs. Gordon &
Mary Lou Trowbridge
P.O. Box 32
Kieler, WI 53812


Don Walz
Walz Lumber
Company
380 Bagley Ave.
Bagley, WI 53801


Don Walz
717 S. Park Blvd
Freeport, IL 61032


Mary Walz
514 West Front Street
PO Box 54
Cassville, WI 53806
53806


Arnold & Elaine Wells
168 W. Pier Rd.
Bagley, WI 53801-
0005


Elaine Wells
P.O. Box 5
Bagley, WI 53801-
0005


Paul & Ruth Jackley
480 Jackley Lane
Bagley, WI 53801


Robert Petereson, MD
900 Riverside Dr.
Suite III
Waupaca, WI 54981


Mr. Jeffrey R. & Julie
Mezera
10648 Texas Road
Bagley, WI 53801



**Exhibit 1**



Exhibit 2



Exhibit 3